In this mater, the majority of the Full Commission affirmed the Deputy Commissioner's decision which denied plaintiff's claims. In their opinion, the majority finds that plaintiff's claims are barred pursuant to G.S. § 97-24 and, therefore, the Commission would not have jurisdiction. Despite this finding, the majority goes on as if it indeed has jurisdiction and finds that plaintiff's claim for an occupational disease fails on its merits. Because of this internal inconsistency and the fact that I would find that plaintiff's claims should not be barred, I respectfully dissent from the majority's Opinion and Award.
Plaintiff initially sustained an injury to her neck and shoulder in 1988. Thereafter, defendants directed and controlled her medical treatment through February 1994. Throughout this period in which defendants controlled her treatment, plaintiff was consistently informed that she had merely sustained a pulled muscle. It was not until plaintiff sought medical treatment on her own in February 1994 that her condition was correctly diagnosed, leading to the surgery performed by Dr. Jaufmann in May 1994. At that time, plaintiff, who had a reading disability, was unrepresented and was unable to make the connection between her injury and its probable work related cause.
Because of these factors, the delay in diagnosis during the period of treatment directed by defendants, plaintiff's reading disability and the fact that she was unrepresented, I would find that defendants are estopped from asserting the jurisdictional bar of G.S. § 97-24.
For the foregoing reasons, I would vote to reverse the prior decision by the Deputy Commissioner, to remand this matter for a new hearing and respectfully dissent from the majority's Opinion and Award.
 S/_________________________ CHRISTOPHER SCOTT COMMISSIONER